UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: APPLICATION OF HANWHA AZDEL, INC. and HANWHA L&C CORP. FOR ASSISTANCE BEFORE A FOREIGN TRIBUNAL | ) | C.A. 13-mc-93004-MAP |

MEMORANDUM AND ORDER REGARDING
INTERVENOR'S MOTION TO QUASH
AND TO VACATE
(Dkt. No. 25)

October 29, 2013

PONSOR, U.S.D.J.

On May 8, 2013, this court granted an ex parte motion by Applicants Hanwha Azdel, Inc. ("Azdel") and Hanwha L&C Corp. ("Hanwha"), (together "Applicants"), for an order directing Crane & Co., Inc., to produce documents for use in an international arbitration proceeding, pursuant to 28 U.S.C. § 1782. On May 23, 2013, SABIC Innovative Plastics US LLC ("SABIC-IP" or "Intervenor") moved to intervene in this matter to quash the subpoena. (Dkt. No. 12.) On August 9, 2013, Magistrate Judge Kenneth P. Neiman allowed the Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(2). Now before the court is Intervenor's Motion to Quash and to Vacate the Court's Order of May 8, 2013.

On October 15, 2013, Applicants and Intervenor appeared for argument, after which the court indicated that it would be allowing the motion to quash. The court's reasoning,

which features three parts, is set forth below.

First, Applicants' argument that Intervenor can only seek to quash the subpoena pursuant to Fed. R. Civ. P. 60(b) is unpersuasive. The rather narrow limits of this rule would not afford Intervenor adequate scope to contest the court's earlier ex parte ruling. The procedure now adopted by this court is common: following allowance of the ex parte order, intervention is permitted, and a ruling on a motion to quash on the merits follows. See Gushlak v. Gushlak, 486 Fed. App'x 215, 217 (2d Cir. 2012) (stating that a respondent can challenge an ex parte discovery order "by moving to quash pursuant to Fed. R. Civ. P. 45(c)(3)").

Second, the parties' dispute over whether 28 U.S.C. § 1782 applies to the arbitration in question here does not require resolution by the court. Intervenor argues strongly that because the arbitration is taking place in the United States -- in Alexandria, Virginia -- pursuant to American law and with three American arbitrators, this commercial arbitration is not taking place before a "foreign or international tribunal" as required by § 1782. Applicants appear to take the position that because the arbitration is, as a technical matter, before the International Chamber of Commerce, International Court of Arbitration, which is headquartered in Paris, France, the arbitration is in fact

taking place before a "foreign or international tribunal." Since, for the reasons set forth below, the court would exercise its discretion to decline to permit discovery pursuant to § 1782, even if the proceeding were occurring before a "foreign or international tribunal," it is unnecessary for the court to resolve this vigorously contested controversy.

Third, as noted, the court will exercise its discretion to decline to permit discovery pursuant to § 1782 in the circumstances of this case. In Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), the Supreme Court determined that discovery under § 1782 is authorized, though not required, when "(1) it is directed at a resident of the district in which the court sits; (2) it is intended for use before a foreign tribunal; (3) it is based upon the application of a person interested in a foreign proceeding; and (4) it does not require disclosure of privileged materials." In Re: Application of Chevron Corp., 762 F. Supp. 2d 242, 246 (D. Mass. 2010) (citing Intel Corp., 542 U.S. at 256).

Even when these four criteria are met, however, the court merely has the discretion to order discovery. The scope of that discretion is governed by four additional factors. These are:

> (1) whether the request is overly intrusive or burdensome; (2) whether the person from whom discovery is sought is a party to the foreign proceeding; (3) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign tribunal to federal-court assistance; and (4) whether the request appears to be an attempt to circumvent foreign proof-gathering procedures of the foreign tribunal.

Chevron Corp., 762 F. Supp. 2d at 246 (citing Intel Corp., 542 U.S. at 264-5).

Here, as noted above, a serious question exists whether the arbitration forum in this case can be considered a "foreign tribunal" when it is taking place in Virginia before a panel of American arbitrators applying American law. Even if this fact did not bar the court from exercising its discretion under § 1782, the characteristics of this specific arbitration persuade the court not to permit discovery under § 1782. The nature of the "foreign" tribunal in this case is peculiar, given that it is arguably not foreign at all: the arbitrators are from the United States and will be applying New York law. The character of the proceedings weighs against Applicants too, since the proceedings are not occurring "abroad" but in Virginia. Moreover, Applicants' effort to obtain discovery appears to be an attempt to "circumvent foreign proof-gathering procedures." Put differently, the arbitration proceeding itself offers the possibility of discovery, under the

supervision of the arbitrators. The overlay of the § 1782 mechanism threatens unfairness and virtually ensures unnecessary complication and expense. These considerations conclusively steer the court to deny discovery under § 1782 in this case, even assuming such discovery might be hypothetically possible.

Significantly, this decision parallels the decision made by U.S. District Court Judge Douglas P. Woodlock in the case of In re Babcock Borsig AG, 583 F. Supp. 2d 233 (D. Mass. 2008). In that instance, while finding that he had discretion to order discovery, Judge Woodlock exercised that discretion to decline to permit discovery.

For the foregoing reasons, Intervenor's Motion to Quash (Dkt. No. 25) is hereby ALLOWED. This ruling will mean that the clerk will close this case. However, Applicants will not be barred from re-filing a Motion for Discovery pursuant to § 1782 if subsequent developments in the arbitration justify it.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge